Robert J. LEWIS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–351.

United States Court of Veterans Appeals.

Sept. 10, 1992.

Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant seeks a reversal of a December 19, 1990, decision of the Board of Veterans' Appeals (BVA) denying appellant "entitlement to an increased rating for residuals of fusion of the lumbosacral spine, from the fourth lumbar vertebra to the first sacral segment, currently evaluated as 20 percent disabling." *Robert J. Lewis,* BVA 90–42931, at 1 (Dec. 19, 1990). Because the BVA did not consider relevant law, and failed to adequately analyze the relevant evidence, and explain its decision, the Court vacates the decision and remands the case for readjudication.

## I.

### BACKGROUND

On October 17, 1968, appellant was awarded pursuant to 38 C.F.R. § 4.71a Diagnostic Code (DC) 5289 (1991) a 40% service-connected disability rating for ankylosis of the lumbar spine (as a result of a spinal operation fusing fourth lumbar vertebrae (L–4) through the sacrum (S–1)). R. at 121–22, 54. (Ankylosis is defined as "immobility and consolidation of a joint due to disease, injury, surgical procedure." SAUNDERS ENCYCLOPEDIA AND DICTIONARY OF MEDICINE, NURSING, AND ALLIED HEALTH 68 (4th ed. 1987).)

On September 20, 1988, appellant, seeking an increased rating for, among other ailments, his back disorder, requested an examination from the Veterans' Administration (now Department of Veterans Affairs) (VA). R. at 50. Examining VA physician, Dr. William Furrer, Jr., noted pain and marked limitation of motion in appellant's lumbar spine (*see* R. at 104) and his diagnostic impression was "postoperative spinal fusion, L–4–S–1 for spondylolisthesis." R. at 55–57. (Spondylolisthesis is defined as "forward displacement of a vertebrae over a lower segment due to ... fracture ..., usually of the fifth lumbar over the sacrum...." SAUNDERS ENCYCLOPEDIA AND DICTIONARY OF MEDICINE, NURSING, AND ALLIED HEALTH 1166 (4th ed. 1987).) Based on this report, the VA Regional Office (RO) on January 11, 1989, issued a rating decision in which it classified appellant's lumbar spine disorder under 38 C.F.R. § 4.71a DC 5292 (1991) (limitation of motion of the lumbar spine) and reduced his 40% rating to 20%, effective May 11, 1988. R. at 58–59. In changing the choice of rating codes, the RO stated that "[t]he [appellant]'s lumbar spine disability is eval[uated] at DC 5292 rather than 5289 considering that the [appellant] never has had a complete ankylosis of the lumbar spine." *Id.*

Subsequent to this action, appellant was examined on August 9, 1989, by Dr. Richard G. McCollum, a private physician, who

diagnosed appellant as having "spondylolisthesis, probably at L5, status post two-level L4 to S1 posterior fusion with secondary degenerative arthritis in the lumbar spine at the levels above the fusion mass." R. at 79. Dr. McCollum further stated that the xrays taken of appellant's back revealed "kissing spines (decreased disc space) between L3 and L4 to suggest some settling [that] may be the source of [appellant's] pain." *Id.* On November 9, 1989, appellant was examined by VA physician, Dr. Jay Klarnet, who opined that appellant had "post spinal fusion secondary to spondylolisthesis" and observed that "[t]he [appellant] has ongoing lower back pain with limitation of range of motion as is detailed in the history of present illness.... The [appellant]'s quality of pain, however, has not changed over the years." R. at 75.

On February 13, 1989, appellant filed a Notice of Disagreement with the January 11, 1989, rating decision and appealed to the BVA on June 20, 1989. R. at 62, 67. The BVA affirmed the VARO and stated in relevant part in the Discussion and Evaluation section of the decision:

> The current manifestations of the [appellant]'s service-connected lumbosacral spine disability are encompassed by the criteria for the current evaluation of 20 percent under Diagnostic Code 5292, because the limitations of motion of his low back are moderate in nature. It is not shown that he has radicular neurological signs which should more appropriately be evaluated under another diagnostic code.

*Robert J. Lewis,* BVA 90–42931, at 4 (Dec. 19 1990).

## II.

## ANALYSIS

Based on the record, appellant's diagnosis of ankylosis of the lumbar spine has remained essentially unchanged from 1968 when he was first awarded a disability rating for it. Ankylosis of the lumbar spine is rated under DC 5289 that provides for the following ratings:

50%: Unfavorable

40%: Favorable

The note accompanying this rating code states:

> Both under ankylosis and limited motion, ratings should not be assigned for more than one segment by reason of involvement of only the first or last vertebrae of an adjacent segment.

DC 5298 provides on its face that no more than two joints within a spinal segment need be immobilized in order to warrant a rating thereunder. Thus, immobilization of all joints within a segment (complete ankylosis) is not needed for the assignment of such a rating.

The record also indicates that appellant suffers from pain and limitation of motion of the lumbar spine caused by the ankylosis. Limitation of motion of the lumbar spine is rated under DC 5292 that provides for the following ratings:

40%: Severe

20%: Moderate

10%: Slight

In selecting between these two codes, "the disability picture [that] more nearly approximates the criteria required for that rating [will be assigned]." 38 C.F.R. § 4.7 (1991).

In light of the foregoing regulatory provisions, the BVA did not explain why it rated appellant's disorder under DC 5292 instead of DC 5289. In doing so, it failed to adequately address and analyze the reports of Drs. Furrer, McCollum, and Klarnet, all of which indicate that appellant suffers from spinal fusion (ankylosis), spondylolisthesis, pain, and concomitant limitation of motion. Title 38 U.S.C. § 7104(d) (formerly § 4004(d)) requires that the BVA provide reasons or bases for its "findings and conclusions, on all material issues of fact and law." *See, e.g., Gilbert v. Derwinski,* 1 Vet.App. 49, 56 (1990). Because the outcome of this case is not reasonably debatable, summary disposition is appropriate under *Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

## III.

## CONCLUSION

For the reasons set forth above, the motion of the Secretary of Veterans Affairs is

denied and the decision of the BVA is vacated and remanded for proceedings consistent with this decision.