Citation Nr: 1811315 
Decision Date: 02/22/18 Archive Date: 03/06/18

DOCKET NO. 14-20 967 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

Entitlement to an increased rating for low back strain, in excess of 10 percent prior to February 9, 2016, and in excess of 20 percent as of February 9, 2016.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Gillian A. Flynn, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1984 to July 1987 and from March 1991 to March 1996.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision of the Winston-Salem, North Carolina Regional Office (RO) of the Department of Veterans Affairs (VA). In December 2015, the Board remanded the claim for development.


FINDINGS OF FACT

1. Prior to February 9, 2016, low back strain was manifested as painful motion with forward flexion to 80 degrees with localized tenderness and muscle spasms that did not result in abnormal gait or abnormal spinal contour, and with no incapacitating episodes during any twelve month period.

2. As of February 9, 2016, low back strain is manifested by painful motion with forward flexion to 60 degrees without evidence of spasms, atrophy, guarding, weakness, or ankylosis.


CONCLUSIONS OF LAW

1. The criteria for entitlement to a rating in excess of 10 percent for mechanical low back strain prior to February 9, 2016, have not been met. 38 U.S.C. § 1115, 5103, 5103A (2012); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.7, 4.41, 4.59, 4.71a, Diagnostic Code 5237 (2017).

2. The criteria for entitlement to a rating in excess of 20 percent for mechanical low back strain disability as of February 9, 2016, have not been met. 38 U.S.C. §§ 1115, 5103, 5103A (2012); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.7, 4.41, 4.59, 4.71a, Diagnostic Code 5237 (2017).




REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

VA has a duty to notify a Veteran of the information and evidence necessary to substantiate a claim for VA benefits. 38 U.S.C. §§ 5103, 5103A (2012); 38 C.F.R. § 3.159 (2017). VA also has a duty to assist Veterans in the development of claims. 38 U.S.C. §§ 5103, 5103A (2012). Upon receipt of a complete or substantially complete application for benefits, the VA is required to notify the claimant and representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C. § 5103(a) (2012); 38 C.F.R. § 3.159(b) (2017); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will to provide; and (3) that the claimant is expected to provide. The notice should be provided prior to an initial unfavorable decision on a claim by the agency of original jurisdiction. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

The notice requirements apply to all five elements of a service-connection claim, including: (1) Veteran status; (2) existence of a disability; (3) a connection between service and the disability; (4) degree of disability; and (5) effective date of the disability. The notice should include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Dingess v. Nicholson, 19 Vet. App. 473 (2006). VA has provided all necessary notification to the Veteran.

VA has done everything reasonably possible to assist the Veteran with respect to the claims for benefits. 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159(c) (2017). The service medical records have been associated with the claims file. All identified and available treatment records have been secured, which includes VA examinations and VA health records. The duty to assist includes, when appropriate, the duty to conduct a thorough and contemporaneous examination of the Veteran. Green v. Derwinski, 1 Vet. App. 121 (1991). When VA provides an examination, VA must ensure that the examination is adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007).

The Veteran was provided with VA examinations in January 2011 and February 2016, concerning a mechanical low back strain disability. The Board finds that the reports provide the information needed to fairly decide the claim.

Examiners reviewed and commented on the evidence of record, examined the Veteran, and described the disability in sufficient detail to enable the Board to make a fully informed decision on the claim. An examination is adequate when it is based on consideration of the claimant's medical history and describes the disability in sufficient detail so the Board's evaluation of the disability will be a fully informed one. D'Aries v. Peake, 22 Vet. App. 97 (2008). Examination reports are adequate when, as a whole, they sufficiently inform the Board of a medical expert's judgment on a medical question and the essential rationale for the opinion, even when the rationale does not explicitly lay out the examiner's journey from the facts to a conclusion. Monzingo v. Shinseki, 26 Vet. App. 97 (2012); Acevedo v. Shinseki, 25 Vet. App. 286 (2012). The examiners specifically acknowledged and discussed what the medical evidence of record did and did not show in connection with the claim. The Veteran's contentions were addressed. There are no apparent inconsistencies or ambiguities in the examination reports.

The Board, in its own lay capacity, is not otherwise qualified to call into question the VA examiner's medical judgment, nor does the Board find any reason to do so. Monzingo v Shinseki, 26 Vet. App. 97 (2012). As the examinations and opinions have sufficiently informed the Board of the examiners' judgment on the medical question at issue, the Board finds that the VA examinations are adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007).

Additionally, in light of the performance of the requested February 2016 VA examination, and the further adjudication of the appeal, the Board finds that there has been substantial compliance with the prior remand request. Stegall v. West, 11 Vet. App. 268 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008); Dyment v. West, 13 Vet. App. 141 (1999).

The Board is satisfied that all relevant facts have been adequately developed to the extent possible and that no further assistance is required to comply with the duty to assist. Accordingly, the Board will proceed with a decision.

While the Board must provide reasons and bases supporting a decision, there is no need to discuss, in detail, the evidence submitted by the Veteran or on behalf of the Veteran. Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000) (Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence of record. The Veteran should not assume that the Board has overlooked pieces of evidence that are not explicitly discussed. Timberlake v. Gober, 14 Vet. App. 122 (2000).

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence that it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the Veteran. Equal weight is not given to each piece of evidence contained in the record. Every item of evidence does not have the same probative value. When the evidence is assembled, the Board is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

In adjudicating claims for VA benefits, the burden of proof only requires an approximate balance of the evidence for and against a claim. 38 U.S.C. § 5107(b) (2012); 38 C.F.R. § 3.102 (2017); Gilbert v. Derwinski, 1 Vet. App. 49 (1991).

Increased Ratings

The Veteran is seeking an increased ratings for a service-connected mechanical low back strain disability, claimed as low back pain, assigned a 10 percent rating from March 29, 2007, to February 9, 2016, and a 20 percent rating as of February 9, 2016.

Disability ratings are determined by the application of VA's Schedule for Rating Disabilities found in 38 C.F.R. Part 4 (2017). 38 U.S.C. § 1155 (2012). The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during service and the residual conditions in civil occupations. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 3.321(a), 4.1 (2017).

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2017). When reasonable doubt arises as to the degree of disability, any reasonable doubt will be resolved in the Veteran's favor. 38 C.F.R. § 4.3 (2017).

In considering the severity of a disability, it is essential to trace the medical history of the Veteran. 38 C.F.R. §§ 4.1, 4.2, 4.41 (2017). Consideration of the whole recorded history is necessary so that a rating may accurately reflect the elements of any disability present. 38 C.F.R. § 4.2 (2017); Peyton v. Derwinski, 1 Vet. App. 282 (1991). Although the regulations do not give past medical reports precedence over current findings, the Board is to consider the Veteran's medical history in determining the applicability of a higher rating for the entire period in which the appeal has been pending. Powell v. West, 13 Vet. App. 31 (1999).

Under the General Rating Formula for Diseases or Injuries of the Spine, a 50 percent rating is assigned when there is unfavorable ankylosis of the entire thoracolumbar spine. A 40 percent rating is assigned for forward flexion of the thoracolumbar spine to 30 degrees or less, or with favorable ankylosis of the thoracolumbar spine. A 20 percent rating is assigned for forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or a combined range of motion of the thoracolumbar spine not greater than 120 degrees; or muscle spasms or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. A 10 percent rating is assigned for forward flexion of the thoracolumbar spine greater than 60 degrees, but not greater than 85 degrees, or combined range of motion of thoracolumbar spine greater than 120 degrees, but not greater than 235 degrees; or muscle spasms, guarding, or localized tenderness resulting in abnormal gait or abnormal spinal contour; or vertebral body fracture with loss of 50 percent or more of the height. 38 C.F.R. § 4.71a, Diagnostic Codes 5235-5243, General Rating Formula for Diseases or Injuries of the Spine (2017). 

The rater is instructed to rate any associated objective neurologic abnormalities, including, but not limited to, bowel or bladder impairment, separately, under an appropriate diagnostic code. 38 C.F.R. § 4.71a, General Rating Formula for Diseases and Injuries of the Spine, Note (1) (2014).

For VA compensation purposes, normal forward flexion of the cervical spine is 0 to 45 degrees, extension is 0 to 45 degrees, left and right lateral flexion are 0 to 45 degrees, and left and right lateral rotation are 0 to 80 degrees. The normal combined range of motion of the cervical spine is 340 degrees. The combined range of motion refers to the sum of the range of forward flexion, extension, left and right lateral flexion, and left and right rotation. The normal ranges of motion for each component of spinal motion are the maximum that can be used for calculation of the combined range of motion. 38 C.F.R. § 4.71a, General Rating Formula for Diseases and Injuries of the Spine, Note (2) (2016). 

The Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes provides that a 10 percent rating for incapacitating episodes having a total duration of at least one week but less than two weeks during the past 12 months. A 20 percent rating is warranted for incapacitating episodes having a total duration of at least two weeks but less than four weeks during the past 12 months. A 40 percent rating is warranted for incapacitating episodes having a total duration of at least four weeks but less than six weeks during the past 12 months. A 60 percent rating for incapacitating episodes having a total duration of at least six weeks during the past 12 months. 38 C.F.R. § 4.71a, Diagnostic Code 5243 (2017). An incapacitating episode is defined as a period of acute signs and symptoms due to intervertebral disc syndrome that requires bed rest prescribed by a physician and treatment by a physician. 38 C.F.R. § 4.71a, Diagnostic Code 5243, Note (1) (2016). 

Ankylosis is defined as immobility and consolidation of a joint due to disease, injury, or surgical procedure. Lewis v. Derwinski, 3 Vet. App. 259 (1992).

When rating musculoskeletal disabilities based on limitation of motion, a higher rating must be considered where the evidence demonstrates additional functional loss due to painful motion, excess motion, weakened motion, incoordination, or fatigability. 38 C.F.R. §§ 4.40, 4.45 (2017); DeLuca v. Brown, 8 Vet. App. 202 (1995); Mitchell v. Shinseki, 25 Vet. App. 32 (2011). In determining if a higher rating is warranted on that basis, pain itself does not constitute functional loss. Similarly, painful motion alone does not constitute limited motion for the purposes of rating under diagnostic codes pertaining to limitation of motion. However, pain may result in functional loss if it limits the ability to perform normal movements with normal excursion, strength, speed, coordination, or endurance. Functional loss due to pain is to be rated at the same level as functional loss caused by some other factor that actually limited motion. Mitchell v. Shinseki, 25 Vet. App. 32 (2011). 

At a January 2011 VA examination, the Veteran reported low back strain from the 1990s with a gradual onset and worsening pain in service and that the condition was progressively worsening. At that time, the Veteran was using pain medication, a TENs unit, and a heating pad for pain. The Veteran reported flare-ups as severe, four to five times monthly, lasting one to two days. Aggravating factors included walking up inclines, prolonged standing, extended walking or bending, and cold weather. The Veteran also reported fatigue, stiffness, spasm, pain across the lumbar that is constant, daily, and aching. The examiner tested the Veteran's range of motion and found forward flexion to 80 degrees, extension to 25 degrees, left lateral flexion to 20 degrees, right lateral flexion to 20 degrees, left lateral rotation to 20 degrees, and right lateral rotation to 20 degrees. The combined range of motion was 185 degrees. There was objective pain with repetitions, but no additional limitation following repetitive motion. The functional effect on the Veteran's daily activities was that it limited heavy lifting, and exercise was moderately affected due to exacerbation of back pain with extended walking. The Veteran had normal posture with antalgic gait. There was no evidence of spasms, atrophy, guarding, weakness, or ankylosis. There was mild tenderness, which was not found to be sufficiently severe as to cause abnormal gait or contour of the spine. Motor, sensory, and reflex examinations were normal.

A February 2016 VA medical examination found painful motion with forward flexion to 60 degrees, extension to 20 degrees, right lateral flexion to 20 degrees, left lateral flexion to 20 degrees, right lateral rotation to 20 degrees, and left lateral rotation to 25 degrees. The combined range of motion was greater than 120 degrees, but not greater than 235 degrees. The Veteran's range of motion on repetitive motion testing did not decrease. Although localized tenderness and muscle spasms were present, they did not result in an abnormal gait or abnormal spinal contour. The Veteran did not report incapacitating episodes during the past twelve months.

The treatment records show findings consistent with the examination findings.

The Board has considered the Veteran's statements that her low back disability is worse than the current rating. In making a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36 (1994); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Competency of evidence differs from weight and credibility. The former is a legal concept determining whether testimony may be heard and considered by the trier of fact, while the latter is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67 (1997); Layno v. Brown, 6 Vet. App. 465 (1994). Although interest may affect the credibility of testimony, it does not affect competency to testify. Cartright v. Derwinski, 2 Vet. App. 24 (1991).

The Veteran is competent to report symptoms because it requires only personal knowledge as it comes to her through her senses. Layno v. Brown, 6 Vet. App. 465 (1994). She is not, however, competent to identify a specific level of disability of low back strain according to the appropriate diagnostic codes. The Board finds her assertions as to symptoms are competent. However, the rating criteria also include objectively measured ranges of motion.

Competent evidence concerning the nature and extent of the Veteran's chronic low back strain has been provided by the medical personnel who have examined her during the current appeal and who have provided pertinent opinions in conjunction with the evaluations. The medical findings as provided in the examination reports directly address the criteria under which this disability is evaluated.

The Board finds the medical records to be more probative than the Veteran's subjective evidence of complaints of increased symptomatology. Cartright v. Derwinski, 2 Vet. App. 24 (1991).

The Board finds that an increased rating for low back strain in excess of 10 percent prior to February 9, 2016, is not warranted. Prior to February 9, 2016, the evidence does not show forward flexion of the thoracolumbar spine greater than 60 degrees, but not greater than 85 degrees, or combined range of motion of thoracolumbar spine greater than 120 degrees, but not greater than 235 degrees; or muscle spasms, guarding, or localized tenderness resulting in abnormal gait or abnormal spinal contour; or vertebral body fracture with loss of 50 percent or more of the height. The January 2011 examination found 80 degrees of flexion and 185 degrees of combined range of motion. That examination did not find vertebral fracture or localized tenderness resulting in abnormal gait or abnormal spinal contour. The evidence does not show further limitation due to painful motion or other factors that would warrant the assignment of any higher rating. Incapacitating episodes with bed rest prescribed by a physician and treatment by a physician were not shown. Therefore a rating greater than 10 percent was not warranted prior to February 9, 2016.

The Board finds that an increased rating in excess of 20 percent as of February 9, 2016, is not warranted. The February 2016 examination did not find limitation of forward flexion of the thoracolumbar spine to 30 degrees or less, or favorable ankylosis of the thoracolumbar spine. Flexion was found to 60 degrees, and no ankylosis was found. The evidence does not show further limitation due to painful motion or other factors that would warrant the assignment of any higher rating. Incapacitating episodes with bed rest prescribed by a physician and treatment by a physician are not shown. The Board finds that a higher rating of 40 percent is not warranted because the evidence does not show favorable ankylosis of the entire thoracolumbar spine or forward flexion of 30 degrees or less. A rating in excess of 40 percent is not warranted because the evidence does not show intervertebral disc syndrome with incapacitating episodes having a total duration of at least four weeks but less than six weeks in the past twelve month period.

Accordingly, the Board finds that the preponderance of the evidence is against the claim for a rating for low back strain in excess of 10 percent prior to February 9, 2016, and in excess of 20 percent as of February 9, 2016. Therefore, the claim must be denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107 (2012); 38 C.F.R. § 3.102 (2017).


ORDER

Entitlement to a rating in excess of 10 percent prior to February 9, 2016, for low back strain is denied.

Entitlement to a rating in excess of 20 percent as of February 9, 2016, for low back strain is denied.



____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs