﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190223-18045
DATE: July 31, 2020

ORDER

Entitlement to a 20 percent rating for postoperative residual of peroneus longus tendon repair of the right ankle (right ankle disability) is granted.

FINDING OF FACT

Throughout the appeal period, the Veteran’s right ankle disability has been manifested by such limitation of motion that, when considered with functional impairment and limitation of use, more closely approximates marked limitation of right ankle motion; but does not equate with and there is no ankylosis of the right ankle. 

CONCLUSION OF LAW

The criteria for a 20 rating, but not higher, for postoperative residuals of peroneus longus tendon repair of the right ankle are met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.40, 4.45, 4.71a, Diagnostic Code 5271 (2019). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from August 1963 to June 1967. 

This matter comes before the Board of Veterans’ Appeals (Board) from a January 2019 rating decision which, after a December 2018 VA rating examination, denied a disability rating in excess of 10 percent for postoperative residuals of a right ankle injury. Following an April 2019 VA rating examination, an April 2019 rating decision confirmed and continued the 10 percent rating, and recharacterized the disability as residuals of peroneus longus tendon repair of the right ankle. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. 

At the March 2020 Board hearing, the presiding Veterans Law Judge (VLJ) noted that the January 2019 rating decision, which was initially appealed, was prior to the February 19, 2019, for AMA appeals. Thus, even though VA Form 10182, Notice of Disagreement (NOD) had been filed on February 20, 2019, the actual January rating decision and its notification letter (of January 14, 2019) were not on or after February 19, 2019. However, the appealed issue was still within the one-year period of the April 2019 rating decision and its notification letter (of April 15, 2019), and a new VA Form 10182 could be filed the day of the March 2020 Board hearing. That form (VA Form 10182) was filed on the day of the Board hearing (and within one year of the April 15, 2019, notification letter), and in which a hearing was requested, as well as the opportunity to submit additional evidence in support of the appeal within 90 days after the March 2020 hearing. However, no such additional evidence has been submitted.

Entitlement to a rating in excess of 10 percent for postoperative residual of peroneus longus tendon repair of the right ankle (right ankle disability) 

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities. 38 C.F.R. Part 4. The rating schedule is primarily a guide in the evaluation of disabilities resulting from all types diseases and injuries encountered as a result of, or incident to military service. The ratings are intended to compensate, as far as practically to be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. See 38 38 U.S.C. § 1155; see also 38 C.F.R. § 4.1.

When there is a question as to which of two evaluations shall be applied in adjudicating a claim for an increased rating, the higher rating will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. It is not expected, especially with the more fully described grades of disabilities, that all cases will show all the findings specified. Findings sufficiently characteristic to identify the disease and the disability therefrom, and above all, coordination of rating with impairment of function are expected in all instances. 38 C.F.R. § 4.21. 

In increased rating claims, it is the present level of disability that is of primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). If the disability has undergone varying and distinct levels of severity throughout the entire time period that the increased rating claim has been pending, it is appropriate to apply staged ratings for each distinct time period. See Fenderson v. West, 12 Vet. App. 119 (1999) and Hart v. Mansfield, 21 Vet. App. 505 (2007). 

When assessing the severity of a musculoskeletal disability that, as here, is at least partly rated on the basis of limitation of motion, VA must also consider the extent that the Veteran may have additional functional impairment above and beyond the limitation of motion objectively demonstrated, such as during times when his symptoms are most prevalent (“flare-ups”) due to the extent of his pain (and painful motion), weakness, premature or excess fatigability, and incoordination-assuming these factors are not already contemplated by the governing rating criteria. See Mitchell v. Shinseki, 25 Vet. App. 32 (2011); Burton v. Shinseki, 25 Vet. App. 1, 5-6 (2011); DeLuca v. Brown, 8 Vet. App. 202, 204-7 (1995); 38 C.F.R. §§ 4.40, 4.45, 4.59; see also Johnston v. Brown, 10 Vet. App. 80, 84-5 (1997).

Limitation of motion of the ankle is assigned a 10 percent rating for “moderate” limitation and a 20 percent rating for “marked” limitation. 38 C.F.R. § 4.71a, Diagnostic Code 5271. With the foot at a 90-degree angle to the ankle as the neutral or starting position, normal (full) range of ankle motion is defined as follows: from 0 degrees to 20 degrees of dorsiflexion and from 0 degrees to 45 degrees of plantar flexion. 38 C.F.R. § 4.71, Plate II. 

Under 38 C.F.R. § 5270, ankylosis of the ankle in plantar flexion, less than 30 degrees warrants a 20 percent rating. If ankylosed in plantar flexion, between 30 degrees and 40 degrees, or in dorsiflexion, between 0 degrees and 10 degrees, a 30 percent rating is warranted. If ankylosed in plantar flexion at more than 40 degrees, or in dorsiflexion at more than 10 degrees or with abduction, adduction, inversion or eversion deformity, a 40 percent rating is warranted. 

Ankylosis is immobility and consolidation of a joint due to disease, injury or surgical procedure. Lewis v. Derwinski, 3 Vet. App. 259 (1992) (memorandum decision); Nix v. Brown, 4 Vet. App. 462, 465 (1993); Shipwash v. Brown, 8 Vet. App. 218, 221 (1995). Ankylosis is stiffening or fixation of a joint as the result of a disease process, with fibrous or bony union across the joint. Dinsay v. Brown, 9 Vet. App. 79, 81 (1996).

Under 38 C.F.R. § 5272, ankylosis of the subastragalar or tarsal joint in a good weight-bearing position warrants a 10 percent rating and when in poor weight-bearing position a 20 percent rating is warranted. Under 38 C.F.R. § 5273, malunion of the os calcis or the astragalus with moderate deformity warrants a 10 percent rating and 20 percent is warranted if the deformity is marked. Under 38 C.F.R. § 5274, a 20 percent rating is warranted for residuals of an astragalectomy. 

A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence, i.e., the evidence is in relative equipoise. See 38 U.S.C. § 5107; 38 C.F.R. §§ 3.102, 4.3; see Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996). 

Background and Analysis

In VA Form 21-4138, Statement in Support of Claim, received with his November 2018 claim for an increased rating for his service-connected right ankle disability the Veteran reported that his symptoms consist of painful motion, limited movement, swelling, weakness, deformity, and cracking and popping. He continued to have right ankle pain with walking more than short distances, attempts at crossing his legs, running, jogging, climbing stairs, prolonged standing, or any other type of everyday motion that involved using the right ankle. The pain had left him unable to be as active as he had been and he was now unable to walk for any length of time around in a store, do yard work, and participate in any sports and recreational activities like golf without increasing his right ankle pain. He treated it with ice and heat, and over-the-counter medication like Tylenol. He required the usage of cane when his ankle was sore to stabilize himself when walking. 

At the December 2018 VA examination, the Veteran’s VA electronic medical records were reviewed, and he reported that he had had right ankle problems since his right ankle surgery because the peroneal tendon would snap over the ankle. He stated that his problems had been progressive, and that he walked on the outside of the right foot. He complained of pain at the lateral aspect of the right ankle, and also to the lateral aspect of the right foot, as well as the plantar aspect of the ball of his right foot. Stated he used a cane for his ankle when walking. The pain worsened throughout the day. 

Although the Veteran did not report having flare-ups of his right ankle disability, he reported having functional loss consisting of being limited to standing up to only 1 hour; being able to walk only up to 1/2 mile (with a cane); traversing stairs, up and down, only to 1 flight of stairs (and only with use of a handrail); and difficulty lifting and carrying up to 20 - 25 lbs. 

On physical examination right ankle dorsiflexion was to 5 degrees (with normal being to 20 degrees) and plantar flexion was normal to 45 degrees. He had painful motion in dorsiflexion which caused functional loss. On repetitive use testing there was no additional loss of motion. On repeated use over time there was significant limitation of functional ability due to pain and lack of endurance, and dorsiflexion remained limited to 5 degrees. He had pain on weight-bearing, and localized tenderness or pain on palpation of the joint or associated soft tissue. Specifically, he had moderately severe pain on palpation to the peroneal tendon from the insertion at styloid process of the foot, posteriorly to the lateral malleolus and proximal 1/3 of the lateral aspect of the fibula, which was “moderate to ATF and CF ligaments.” There was no evidence of crepitus, muscle atrophy, or reduction of strength. He had instability of the right ankle. There was no pain on passive right ankle motion or during weight-bearing. 

In comparing range of motion of the left ankle, the Veteran had normal plantar flexion but dorsiflexion was to only 10 degrees which the examiner reported was normal for the Veteran for reasons unrelated to his service-connected right ankle, and further commented that 10 degrees of dorsiflexion was “the amount of normal motion required during gait.” 

The examiner reported that the Veteran’s residuals of his 1966 right ankle surgery, a repair of a tear of the peroneal tendon, consisted of pain and swelling, but a residual surgical scar could no longer be detected. He regularly used a cane for ambulatory assistance due to his right ankle disorder. The examiner reported that the right ankle disorder caused functional impact due to decreased mobility. 

On VA rating in April 2019, the Veteran’s VA electronic medical records were reviewed, and the diagnosis was right ankle peroneus longus tendon repair, which after a review of the medical records was a correction of the past diagnosis. The Veteran reported that he felt the surgery went well but recently he had been experiencing swelling, pain, and less range of motion of his right ankle with pain moving into his foot. He now had daily right ankle pain which had progressed. 

The Veteran reported having flare-ups, with pain and swelling, which made it difficult to walk or stand. He reported that this functional loss was such that he could not walk or stand for long periods of time. 

On physical examination the Veteran had right ankle dorsiflexion to 10 degrees (with was greater than the 5 degrees at the 2018 rating examination) but plantar flexion was to only 30 degrees (when it had been normal to 45 degrees at the 2018 examination). The examiner reported that the range of motion itself did not contribute to functional loss but that pain in both dorsiflexion and plantar flexion did cause functional loss. There was no additional loss of motion upon repetitive use testing. While the report of the examination indicated that the Veteran was not examined immediately after repetitive use over time, the examination report reflects that upon repeated use over time right ankle dorsiflexion was to only 5 degrees and plantar flexion was to only 20 degrees. The examiner reported that pain and lack of endurance significantly limited functional ability with repeated use over time and during flare-ups (although the examination was not conducted during a flare-up). It was estimated that during a flare-up right ankle dorsiflexion would be to only 5 degrees and plantar flexion would be to only 20 degrees. 

There was moderate tenderness along the peroneus tendon and into the Veteran’s right foot. There was evidence of pain with weight-bearing and evidence of crepitus. The examiner reported that factors contributing to disability were limited motion, swelling, disturbance of locomotion, and interference with standing. The examiner commented that the Veteran had swelling along the lateral malleolus due to his past right ankle surgery, and he could not stand or walk for long periods of time due to ankle pain. Also, the reduced range of right ankle motion was due to the past surgery. There was no muscle atrophy or reduced strength in the right ankle, but there was right ankle instability. There was no objective evidence of pain on non-weight-bearing. The examiner reported that the Veteran’s residuals of his past right ankle surgery were pain, swelling, and decreased range of motion. No postoperative scar was discernible. The Veteran regularly used a cane as an ambulatory aid. In comparing range of motion of the left ankle, the Veteran had plantar flexion of 40 degrees (5 degrees less than normal) and dorsiflexion was to 15 degrees. 

The examiner reported that the Veteran’s right ankle disability impacted his ability to perform occupational tasks because of minimalization of prolonged standing and walking, such that he should be allowed to sit if needed.

At the March 2020 Board hearing, the Veteran testified that he did not have right ankle pain at rest but had increasing pain when walking. He could not walk more than 50 yards due to severe pain and would then have to rest for 20 to 30 minutes. He could no longer play golf. He constantly had right ankle instability. He reported that his right ankle was deformed, and his disability caused him to wear out shoes on his right foot. 

The Veteran also testified that progressively he had had decreasing right ankle motion. His ankle would progressively weak throughout the day. He reported that he was not currently being seen for right ankle treatment on a regular basis and was not taking any medication. He had been given a cane as an ambulatory aid by VA, but it had not helped much, and he now used a “neoprene” right ankle brace which helped to stabilize his right ankle. The Veteran testified that it was very difficult to go up and down stairs due to his right ankle instability. He always had right ankle swelling, which increased with his engaging in activity.

The Veteran testified that he believed that the RO had not applied the principles required for appropriately evaluating disabilities, as required. The RO rating actions had cited “DeLuca” but had not applied it in his case. 

As to this, the Board notes that the January 2019 and April 2019 rating decisions reported that factors such as pain, fatigue, weakness, lack of endurance, incoordination, and flare-ups were considered under 38 C.F.R. §§ 4.40 and 4.45, as cited in “DeLuca v. Brown” and “Mitchell v. Shinseki.” Each rating decision stated that these had been considered. The January 2019 rating decision stated that after such consideration the provisions “are not warranted” but the April 2019 rating decision stated that after such consideration the provisions “were applied.” There does not otherwise appear to be any harmful error in the January and April 2019 rating decisions, despite the less than artful use of language. 

The Veteran also testified that he had weakness, excess fatigability, and incoordination but an examiner (he did not specify whether it was the December 2018 or April 2019 examiner) had only checked his range of motion and had not asked about his pain level, excess fatigability, or weakness. However, the Board finds that both examinations were adequate for rating purposes inasmuch as both provide extensive and comprehensive findings which clearly document the severity of the Veteran’s right ankle disability. 

In particular, the 2018 examination found that right ankle dorsiflexion was to only 5 degrees, which is at the cusp of differentiating between moderate and severe limitation of ankle motion. At that time dorsiflexion remained to 5 degrees on repeated use but it was reported that there was significant limitation of functional ability. Moreover, in addition to the limited right ankle motion the Veteran also had instability of the right ankle. 

Similarly, at the 2019 rating examination right ankle dorsiflexion was to 10 degrees, only 5 degrees better than at the 2018 examination, but it was noted that pain in both planes of motion contributed to functional loss. This is corroborated by the fact that on repeated use over time right ankle dorsiflexion was to only 5 degrees, which it was also estimated to be during a flare-up, and it was noted that both pain and lack of endurance significantly limited functional ability on repeated use over time. 

The Veteran has reported using a cane as an ambulatory aid and at the hearing he testified that he had begun to use a right ankle brace. This is consistent with the earlier finding in 2018 of right ankle instability. 

Based on the foregoing, and resolving all reasonable doubt in the Veteran’s favor, the Board finds that throughout the appeal period the Veteran’s service-connected right ankle disability more closely approximates the criteria for marked limitation of the right ankle.

Accordingly, a 20 percent rating for marked right ankle limitation of motion is warranted under 38 C.F.R. § 4.71a, Diagnostic Code 5271. However, the disability is not of such severity as to more closed approximate the criteria for the next higher rating of 30 percent which requires that there be ankylosis of the ankle.

 

DEBORAH W. SINGLETON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Fussell, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.